**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**CIVIL ACTION NO. 1:07CV-94**

**MICHAEL A. THOMPSON**                                                                 **PLAINTIFF**

**V.**

**ABC MORTGAGE COMPANY, INC.,**
**ABC MORTGAGE COMPANY OF**
**NORTHWEST FLORIDA, INC.,**
**FREMONT INVESTMENT & LOAN**
**COMPANY, LARRY CHANDLER,**
**CHARLES W. SHELTON and**
**DOROTHY SHELTON**                                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon motions by the Plaintiff, Michael A. Thompson, for remand [DN 6] and sanctions [DN 7]. Fully briefed, these matters are ripe for decision. For the following reasons, the Plaintiff's motion for remand is **GRANTED** and his motion for sanctions is **DENIED**.

**I. FACTS**

On December 19, 2006, the Plaintiff, Michael A. Thompson ("Thompson") filed a civil complaint in the Logan County (Kentucky) Circuit Court. The complaint identifies ABC Mortgage Company, Inc., ABC Mortgage Company of Northwest Florida, Inc., Fremont Investment and Loan Company, Larry Chandler, and Mr. and Mrs. Charles Shelton as defendants. Plaintiff Thompson and Defendants Larry Chandler and Charles Shelton are citizens and residents of Kentucky.[1] ABC Mortgage Company, Inc., and ABC Mortgage Company of Northwest Florida, Inc., are Florida corporations with their principle places of business in Florida.

---

[1] Defendant Dorothy Shelton is apparently deceased.

On January 4, 2007, the ABC defendants filed a motion for extension of time and did not challenge service or otherwise assert any other objections or defenses. On February 9, 2007, Thompson filed a motion for default judgment against ABC. Following a hearing, the state court granted the Plaintiff's motion for a default judgment on February 23, 2007. On April 20, 2007, ABC moved to set aside this judgment but that motion was denied on May 4, 2007. On May 8, 2007, ABC filed another motion to set aside the default judgment. The state court conducted an evidentiary hearing on the matter on May 18, 2007. Following the hearing, the court instructed the parties to file "position statements." Then, on May 21, 2007, the ABC defendants filed a notice of removal to federal court. [DN 1]. In this notice, the Defendants assert that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II. DISCUSSION

**A. Motion to Remand**

In his motions, Plaintiff Thompson argues that this case should be remanded to the Logan Circuit Court and that the Defendants should be sanctioned because 1) the court lacks jurisdiction under 28 U.S.C. § 1332 since the parties in the suit are not completely diverse ; and 2) the notice of removal was filed more than 30 days after the Defendants' receipt of the complaint in violation of 28 USC § 1446(b).

In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. Long v. Bando Manufacturing of America, Inc., 201 F.3d 754, 757 (6th Cir. 2000 ). In order for a defendant to remove a case to federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, "there

must be complete diversity of citizenship both at the time the case is commenced and at the time the notice of removal is filed." Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d. 904, 907 (6th Cir. 1999). Complete diversity exists only when no plaintiff and no defendant are citizens of the same state. Id.

Here, while the ABC defendants allege that this controversy is wholly between citizens, residents, and legal entities of different states, they do not dispute that co-defendants Larry Chandler and Charles Shelton are citizens and residents of Kentucky. Rather, the ABC defendants seem to argue that even though these co-defendants are citizens of Kentucky, diversity jurisdiction exists because these non-diverse defendants have "no interest in pursuing this action" and because the "main parties to this action are all non-residents of the Commonwealth of Kentucky." (DN 11, Defendants' Response, ¶¶ 10-11). The ABC defendants, however, have cited to no authority which supports this argument for diversity. Accordingly, the Court holds that the ABC defendants have failed to establish that the parties in this action are completely diverse. Thus, because it lacks subject matter jurisdiction, the Court finds that it need not consider the Plaintiff's second argument, and remands this action to the Logan Circuit Court.

**B. Motion for Sanctions**

The Plaintiff also argues that the ABC defendants should be sanctioned for their attempt at removal, pursuant to Fed. R. Civ. P. 11(b) and (c), because it was made in bad faith. A party seeking Rule 11 sanctions, however, must serve a Rule 11 motion on the opposing party at least 21 days before it files the motion with the Court. Fed. R. Civ. P. (c)(1)(A). This "safe harbor" provision allows parties time to withdraw a petition and thereby protect themselves from sanctions. Ridder v. City of Springfield, 109 F.3d. 288, 294 (6th Cir. 1999) (citing Fed. R.Civ. P. 11 Advisory Committee

Notes (1993 Amendments). Thus, the Court holds that sanctions are unavailable since there is no evidence that the Plaintiff served the ABC defendants with a "safe harbor" letter prior to filing its Rule 11 motion with the Court.

### III. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this action to the Logan Circuit Court but **DENIES** the Plaintiff's motion for sanctions. **IT IS SO ORDERED**.

cc: Counsel of Record
    Logan Circuit Court Clerk